IN THE

# SUPREME COURT

OF

## OREGON.

Argued 5 October, decided 16 November, 1903.

### COVERT *v.* COVERT.

[74 Pac. 205.]

DEEDS AS MORTGAGES—REDEEMING WITHOUT TENDER.
The maker of a deed claimed to be really a mortgage is not entitled to a reconveyance of the property unless the debt has been paid or an offer to redeem is made.

From Yamhill: REUBEN P. BOISE, Judge.

This is a suit by D. H. Covert against Alice H. Covert and others to compel the defendants to convey to the plaintiff a tract of land in Yamhill County containing 153 acres. About November, 1895, Isaac Meyer, being largely indebted to the defendant Alice H. Covert, conveyed said tract to her, together with seventy-four acres in Washington County, four lots in Seattle, block 16 and fractional block 13 in the Tollman Tract, lots 15 and 16 in Shaver's Addition, lot 3, block 207, in Holladay's Addition, and lot 22, block 3, in Center Addition, to the City of Portland, and a house and lot in Pendleton, to secure the payment of said indebtedness. On March 28, 1899, Meyer conveyed the property in controversy to the plaintiff, who immediately commenced this suit; and a few days later, but before the service of process, the defendant Alice H. Covert

conveyed it to her codefendants Stevens and Morris, who claim to be innocent purchasers for value and without notice. There was a decree for defendants.          AFFIRMED.

For appellant there was a brief over the names of *C. D. & D. C. Latourette* and *W. H. & Webster Holmes*, with an oral argument by *Mr. C. D. Latourette* and *Mr. Webster Holmes*.

For respondents there was a brief over the names of *Miller & Miller* and *John D. Pope*, with an oral argument by *Mr. Chas. W. Miller*.

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

Two legal questions were presented at the argument: (1) Whether the several deeds from Meyer to the defendant Covert were mortgages to secure the payment of money or absolute conveyances; and (2) whether the defendants Stevens and Morris are entitled to the rights of innocent purchasers.

As we view the testimony, it is unnecessary to consider either of these questions. This is not a suit by Meyer for an accounting or to redeem. No tender was made prior to its commencement, nor is there any offer to redeem in the complaint. The suit proceeds on the assumption that the conveyances were intended as mortgages to secure the payment of Meyer's indebtedness, which had been fully paid prior to the commencement of the suit from the proceeds of the mortgaged property sold by the mortgagee, and the complaint so alleges. Unless, therefore, the debt has been paid, plaintiff cannot recover on his theory of the legal effect of the transaction.

At the time of the transfer of the property by Meyer to the defendant a large portion thereof was incumbered by mortgages, and some of it had been sold for taxes. Soon after such transfer Mrs. Covert moved to Los Angeles, California, where she has since resided. The only cash sales

of the property by her were two lots in Seattle, the equity of redemption in lots 15 and 16 in Shaver's Addition, and lot 3, block 207, in Holladay's Addition, to the City of Portland. The two lots in Seattle were sold and conveyed by her and the plaintiff, who was then her husband, for $150. The lots in Shaver's and Holladay's additions were mortgaged at the time of their transfer by Meyer, and the equity of redemption therein was subsequently conveyed, with Meyer's consent, to the mortgagee for $150. The remainder, except that in controversy, has been conveyed by the defendant to sundry persons in Los Angeles in exchange for other property. No actual value seems to have been placed thereon at the time of the transfer, it being estimated at a mere "trading value." If the property was held by the defendant in trust, and she has, in violation of her trust, conveyed it for her own personal use and benefit, she would be compelled to account therefor at its value.

It becomes necessary, therefore, to examine the testimony to ascertain, if possible, whether the value of the property at the time of the commencement of the suit equaled or exceeded the amount due defendant. We shall make no attempt to find the actual value, because, in any event, it is not sufficient to liquidate the debt due from Meyer to the defendant, and that is enough for the purposes of this case. Several real estate dealers, familiar with the Portland property, were called as witnesses, and the highest value placed on it by them, exclusive of that in Shaver's and Holladay's additions, was $1,000. It is admitted that a portion thereof was incumbered by a mortgage of $600, leaviug the sum of $400 to be charged to the defendant. The testimony as to the value of the seventy-four acre tract in Washington County varies from five to fifteen dollars an acre, but it is quite clear that $740 is its full value. The two lots in Seattle, undisposed of, are of

about the same relative value as those sold by the defendant with the plaintiff's consent for $150, so that a reasonable valuation on the Seattle property is $300. The testimony as to the Pendleton property is not so satisfactory. The plaintiff and Meyer both testify that it was probably worth $900, but it is doubtful if either of them ever saw the property, as both base their estimate on the rents received therefrom. It was mortgaged for $200, which, at the value placed thereon by the plaintiff and Meyer, would leave $700 to be charged to the defendant. The aggregate amount of these several items is less than $2,500, which is insufficient to pay the amount admittedly due defendant at the time of the commencement of this suit. The principal of the several notes given her by Meyer for money borrowed amounted to about $2,400, and there was interest due thereon at the time in the sum of $1,000, or $1,200, making a total indebtedness of about $3,600, omitting all claims for taxes paid, costs of redeeming property from tax sales, expenses of the trustee, etc. It is clear, therefore, that the plaintiff is not entitled to the relief demanded, because the indebtedness for which he alleges the property was transferred to the defendant as security had not been paid or discharged at the time of the commencement of the suit, and he makes no offer or tender of the balance due thereon. The decree is affirmed.          AFFIRMED.